# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JOHN E. SUTCLIFFE                                                        PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:14-CV-P445-S

STATE OF KENTUCKY                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff, John E. Sutcliffe, filed a document which was opened as a civil-rights suit. However, Plaintiff has now filed a document stating that this case was intended to be a petition to remove and not a complaint. Consequently, the Court will consider this action to be one initiated by a notice of removal rather than a complaint.

Plaintiff is a prisoner in South Carolina. The initiating document references actions in both South Carolina and New Jersey state courts.

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This general presumption against removal means that it is the movant's burden to establish that removal is proper. *Id.* If a district court lacks jurisdiction over the case, the district court should *sua sponte* remand the case to the state court. *Page v. City of Southfield*, 45 F.3d 128, 132 n.8 (6th Cir. 1995) ("We recognize that if a district court determines that the second ground of § 1447(c) is satisfied, i.e., the court lacks subject matter jurisdiction over the case, the court can *sua sponte* remand the case to state court at *any* time prior to final judgment.")

This Court has no jurisdiction over a removal from a state court in New Jersey or South Carolina. Removal from a state court may only occur to the district court of the United States for the district and division embracing the place wherein the state-court pleading is pending. *See* 28

U.S.C. §§ 1441(a), 1443.

Although normally a remand to the state court is required when the federal district court determines it lacks jurisdiction, the Court finds that remand is not possible here. The initiating document is not a proper notice of removal in that it does not "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Moreover, the documents filed by Plaintiff, the complaint and three letters with cumulative attachments of hundreds of pages, are virtually incomprehensible. Thus, the Court finds that dismissal is appropriate.

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Date: August 11, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.009